**Earl ADAMS, Plaintiff,**

v.

**UNITED STATES of America Defendant.**

**No. CIV. A. G–98–088.**

United States District Court, S.D. Texas, Galveston Division.

Sept. 23, 1999.

Richard Lee Melancon, Melancon and Hogue, Friendswood, TX, for Earl Adams, plaintiffs.

William Brad Howard, Office of U.S. Attorney, Houston, Nicole L Streeter, U.S. Dept of Justice, Washington, DC, for United States of America, defendants.

Kenneth Ross Citti, Citti & Crinion, Houston, TX, for Ross Citti, Mediator.

## ORDER DENYING MOTION TO REFORM JUDGMENT

KENT, District Judge.

Plaintiff filed this Jones Act and general maritime suit against the United States pursuant to the waivers of sovereign immunity contained in the Suits in Admiralty Act, 46 U.S.C.App. § 741, *et seq.*, and the Public Vessels Act, 46 U.S.C.App. § 781, *et seq.* Following a one-day bench trial conducted on March 22, 1999, Plaintiff recovered a judgment against the United States for injuries sustained aboard the United States vessel M/V CAPE TEXAS. Now before the Court is Plaintiff's Motion to Reform Judgment filed August 27, 1999, in which Plaintiff petitions the Court to include in the final judgment an award for prejudgment interest at the rate of four per cent per annum. For the reasons stated below, the Motion to Reform Judgment is **DENIED.**

## I. DISCUSSION

Prior to 1932, plaintiffs maintaining suits under either the Suits in Admiralty Act or the Public Vessels Act could not recover interest that had accrued prior to the time of suit. In 1932, however, Congress amended the Suits in Admiralty Act, allowing for, among other things, the calculation of prejudgment interest. *See* Act of June 30, 1932, ch. 315, 47 Stat. 420 (codified as amended at 46 U.S.C.App. § 745 (1994)). Consequently, the Public Vessels Act now imposes a more significant limitation on recovery than the Suits in Admiralty Act. *Compare* Public Vessels Act, 46 U.S.C.App. § 782 ("[N]o interest shall be allowed on any claim up to the time of rendition of judgment ....") *with* Suits in Admiralty Act, 46 U.S.C.App. § 745 ("[N]o interest shall be allowed on any claim prior to the time when suit on such claim is brought ....").[1]

Noting this inconsistency between the two statutes, Plaintiff attempts to bring prejudgment claims under the Suits in Admiralty Act, free from the restrictive provision of the Public Vessels Act that bars recovery of prejudgment interest. Specifically, Plaintiff contends that the Public Vessels Act does not govern the award, because he filed suit pursuant to both the Public Vessels Act and the Suits in Admiralty Act—hence, the Suits in Admiralty Act's rule governing prejudgment interest should control. In response, the United States argues that the resolution of this particular issues lies with the Public Vessels Act, which precludes the award of prejudgment interest.[2] The crux of the dispute, therefore, turns on which statute controls this case. If this suit falls under the Public Vessels Act, it would be governed by its provisions and not those of the Suits in Admiralty Act.[3]

1. For a more comprehensive review of the legislative histories surrounding the Suits in Admiralty Act and the Public Vessels Act, see *United States v. United Continental Tuna Corp.*, 425 U.S. 164, 170–78, 96 S.Ct. 1319, 1323–27, 47 L.Ed.2d 653 (1976) and *Marine Coatings v. United States,* 71 F.3d 1558, 1560–61 (11th Cir.1996).

2. The Government's brief cites the Suits in Admiralty Act in support of its contention that prejudgment interest should not be awarded. *See* Def.'s Resp. to Pl.'s Mot. to Reform J. at 2 n. 1. Because the Suits in Admiralty Act *allows for* recovery of prejudgment interest, the Court assumes the Government intended to base its argument on the Public Vessels Act. The Court will proceed with analyzing the Public Vessels Act, the Government's oversight notwithstanding.

3. In addressing the resolution to possible inconsistencies existing between the two statutes, Congress provided in the Public Vessels Act that suits involving public vessels "shall be subject to and proceed in accordance with the provisions of [the Suits in Admiralty Act] or any amendment thereof, insofar as the same are not inconsistent herewith, *except for*" the provision disallowing prejudgment interest. 46 U.S.C.App. § 782 (emphasis added).

■ For a suit to fall under the Public Vessels Act, the damage must be caused by a public vessel. While both statutes apply to claims against the United States that involve public vessels, "the lifting of the Government's sovereign immunity for such claims is governed exclusively by the provisions of the Public Vessels Act; the Suits in Admiralty Act, in and of itself, simply does not apply." *Marine Coatings,* 71 F.3d at 1561 n. 3 (citing *Continental Tuna,* 425 U.S. at 181, 96 S.Ct. at 1329).[4] In examining the relationship between the two statutes following the 1960 Amendment, the Supreme Court in *United Continental Tuna* concluded that claims within the scope of the Public Vessels Act remain subject to its terms, even if a party also asserts a claim under the Suits in Admiralty Act. *See United Continental Tuna,* 425 U.S. at 181, 96 S.Ct. at 1329. Applying *United Continental Tuna,* other courts have held that when a plaintiff's action falls within the scope of both statutes, the Public Vessels Act's prohibition against prejudgment interest prevails. *See, e.g., Parks v. United States,* 784 F.2d 20, 28 (1st Cir.1986) (classifying plaintiffs' injuries aboard a United States vessel as actionable under the Public Vessels Act and therefore refusing to award prejudgment interest); *Blevins v. United States,* 769 F.2d 175, 180 n. 2 (4th Cir.1985) ("[A]n action against a public vessel, that is one owned and operated by the United States, may be cognizable under both [the Public Vessels Act and the Suits in Admiralty Act], but the more restrictive provisions of the [Public Vessels Act] control where the two acts are inconsistent."); *Blanco v. United States,* 775 F.2d 53, 57 n. 4, 63 n. 8 (2d Cir.1985) (stressing that claims brought within the scope of the Public Vessels Act remain subject to its terms despite the applicability of the Suits in Admiralty Act); *Gillikin v. United States,*

764 F.Supp. 261, 269 (E.D.N.Y.1991) ("Where the terms of [the Public Vessels Act and the Suits in Admiralty Act] conflict, the terms of the [Public Vessels Act] control the action."); *Kurowsky v. United States,* 660 F.Supp. 442, 454 (S.D.N.Y. 1986) ("In a suit under the Public Vessels Act ..., which incorporates the Suits in Admiralty Act ..., 'no interest shall be allowed on any claim up to the time of' formal entry of judgment" and thus "prejudgment interest may not be awarded in this case" (citations omitted)). Thus, the Suits in Admiralty Act applies only to suits by a private party against the United States, and the Public Vessels Act applies only to claims "for damages caused by a public vessel of the United States." 46 U.S.C.App. § 781; *see Sheridan Transp. Co. v. United States,* 897 F.2d F.2d 795, 800 (5th Cir.1990); *Williams v. Central Gulf Lines,* 874 F.2d 1058, 1060–61 (5th Cir.1989); *see also American Stevedores v. Porello,* 330 U.S. 446, 454, 67 S.Ct. 847, 851, 91 L.Ed. 1011 (1947) (expanding the coverage of the Public Vessels Act to include claims for personal injuries). On the other hand, claims involving public vessels other than claims "for damages caused by a public vessel" are recovered by the Suits in Admiralty Act. *See* 46 U.S.C. § 742.

■ Given the statutory distinctions noted above, the Court finds that this action falls within the terms of the Public Vessels Act. Plaintiff's suit constitutes an action for "damages caused by a public vessel," because the "damages" in this case directly resulted from the unseaworthy condition of a government-owned vessel and torts committed by its crew. *See, e.g., Walden v. United States,* 31 F.Supp.2d 1230, 1236 (S.D.Cal.1998); *Bailey v. United States,* No. C–89–1464–SBA, 1993 WL 87813, at *4 (N.D.Cal. Mar.18, 1993); *Gillikin v. United States,* 764 F.Supp. at 268–

---

4. As the Supreme Court has held in interpreting the inconsistencies between the Public Vessels Act and the Suits in Admiralty Act, "claims within the scope of the Public Vessel Act remain subject to *its* terms after the 1960 Amendment to the Suits in Admiralty Act."

*United Continental Tuna,* 425 U.S. at 181, 96 S.Ct. at 1329 (1976) (emphasis added). In this case, because Plaintiff's claims fall within the purview of the Public Vessels Act, the Court holds that the bar on prejudgment interest found in the Public Vessel Act controls.

69 (all declining to award prejudgment interest to seamen injured aboard U.S. vessels, in accordance with the Public Vessels Act); *Bernert Towboat Co. v. USS Chandler* (DDG 996), 666 F.Supp. 1454, 1461 (D.Or.1987) (noting that in cases brought under both the Suits in Admiralty Act and the Public Vessels Act "the plaintiff is only entitled to prejudgment interest if provided by contract"); *Kurowsky v. United States,* 660 F.Supp. 442, 454 (S.D.N.Y.1986); *see also United States Fire Ins. Co v. TUG STARCRESCENT,* No. CIV–A–No. 90–63–N, 1993 WL 625530, at *2 (E.D.Va. Mar.5, 1993) ("Despite this Court's finding that the United States was at fault in the collision, the United States is not liable for its share of the prejudgment interest because the Public Vessels Act, under which this suit was brought, precludes recovery of prejudgment interest from the United States."); *cf. SCNO Barge Lines, Inc. v. Sun Transp. Co.,* 775 F.2d 221, 227 (8th Cir. 1985) (alluding that negligence in the operation of a U.S. vessel would make the Public Vessels Act the appropriate basis for jurisdiction); *Olympia Sauna Compania Naviera, S.A. v. United States,* 604 F.Supp. 1297, 1302 (D.Or.1984) ("If the facts proven at trial demonstrated that causation was confined to the negligent operation of the public vessel, then the [Public Vessels Act] would apply . . . ."), *remanded on other grounds sub nom, M/V Ypatia Halcoussi,* 774 F.2d 1174 (9th Cir. 1985). Moreover, no evidence in the record suggests that the M/V CAPE TEXAS was chartered for hire or transporting cargo for private shippers. *See Geo W. Rogers Constr. Corp. v. United States,* 118 F.Supp. 927, 934 (S.D.N.Y.1954) (noting that a vessel owned and operated by the United States "is a public vessel within the purview of the Public Vessels Act . . . unless it is engaged in transporting cargo for hire for private shippers"). This fact also points to the application Public Vessels Act. The Court therefore finds that Plaintiff's claim for recovery for his personal injuries is indeed a claim authorized by the provisions of the Public Vessels Act and thus that statute's prohibition against prejudgment interest applies to this action against the United States.[5]

## II.  CONCLUSION

This Court finds that Plaintiff's case falls within that "category of claims involving public vessels [that are not] beyond the scope of the Public Vessels Act," *Continental Tuna,* 425 U.S. at 180–81, 96 S.Ct. at 1328, and, as such, are not covered exclusively by the Suits in Admiralty Act. Because the Public Vessel Act applies, Plaintiff is precluded from recovering prejudgment interest from the United States. Accordingly, Plaintiff's Motion to Reform Judgment is **DENIED.**

**IT IS SO ORDERED.**

---

5. In support of its position, Plaintiff refers to *LeBlanc v. United States,* 732 F.Supp. 709 (E.D.Tex.1990). *LeBlanc* involved facts similar to this case—the plaintiff asserted claims under both the Public Vessels Act and the Suits in Admiralty Act for personal injuries suffered aboard a Government vessel. The trial court awarded prejudgment interest, noting that suits in admiralty were intended to supplement the Public Vessels Act. *Id.* at 718 ("The court does not find that the prohibition of prejudgment interest in the Public Vessels Act reaches over into the Suits in Admiralty Act."). The court cited *Wyatt v. Penrod Drilling Co.,* 735 F.2d 951, 956 n. 4 (5th Cir.1984) as the only case authority supporting its position. *Wyatt,* however, involved neither the Public Vessels Act nor the Suits in Admiralty Act; rather, the claim was brought under the Jones Act and general maritime law against a private defendant (not the United States). *Id.* at 953. Therefore, the discussion in *Wyatt* pertaining to prejudgment interest was geared toward the general admiralty rule that typically allows for prejudgment interest, but did not contemplate the issue of prejudgment interest as applied to the Public Vessels Act or the Suits in Admiralty Act. As a result, the Court respectfully declines to rely on *LeBlanc* and instead focuses on the wealth of other case authority, discussed *supra,* supporting the Court's finding that prejudgment interest is not appropriate in this case.